PITMAN, J.
Appellant La'Vern Knowles appeals the property partition judgment and the trial court's denial of her motion for new trial. For the following reasons, we affirm.
FACTS
Mrs. Knowles and Appellee John David Knowles married in 1971 in Michigan. They later established their matrimonial domicile in Minden, Louisiana. On June 21, 2011, Mr. Knowles filed a petition for divorce and incidental matters. He stated that the parties separated on or about May 18, 2011. On June 22, 2011, Mrs. Knowles filed a petition for divorce.
On January 20, 2012, Mr. Knowles filed a motion for judgment of divorce. His attorney for this motion was Charles Smith of Smith & Jacobs, APLC. On February 14, 2012, the trial court granted a judgment of divorce. The minutes show that Charles Jacobs stood in for his law partner Charles Smith as Mr. Knowles's attorney in court that day.
On January 27, 2014, Mr. Knowles filed a petition for partition of the former community of acquets and gains and attached a detailed descriptive list. On April 8, 2014, Mrs. Knowles filed an affidavit of traversal and/or concurrence of Mr. Knowles's detailed descriptive list.
Charles Jacobs took office as a district judge on January 1, 2015, for Division D, to which the consolidated matter at issue was previously assigned.
On July 8, 2016, Judge Jacobs presided over a bench trial on the community property partition. The parties stipulated that each would receive his/her General Motors pension plan. Regarding a piece of immovable property that includes a church (the "church property") that the parties owned with an unincorporated religious association, the trial court found that the religious association owns a one-half interest in the property, Mr. Knowles owns a one-fourth interest and Mrs. Knowles owns a one-fourth interest. The parties stipulated that Mrs. Knowles would purchase Mr. Knowles's interest in 6598 Highway 159 (the "matrimonial domicile"); that *761 she would have 60 days to obtain financing; that if she did not obtain financing within 60 days, Jan Fry would be appointed as real estate agent to sell the property; and Charles Smith would conduct the closing. Judge Jacobs left the record open for 15 days so that Mrs. Knowles could submit documentation needed to calculate her reimbursement claims regarding the matrimonial domicile for homeowners' insurance premiums and increased equity. In addition, the parties stipulated that Mrs. Knowles would purchase Mr. Knowles's interest in four rental properties-300 N. Middle Landing, 302 N. Middle Landing, 304 N. Middle Landing and 907 Reynolds Street (the "four rental properties"). They agreed that if a closing did not occur within 60 days, Jan Fry would be appointed as real estate agent to sell the property and Charles Smith would conduct the closing. The parties further stipulated that all other rental properties would be sold by private sale. The trial court then conducted an auction as to the movable property. The parties did not have a unified detailed descriptive list, so they first bid on items on Mr. Knowles's list and then bid on non-duplicate items on Mrs. Knowles's list. Discussing their credit card bills, Mrs. Knowles stated that she had a Discover credit card with a balance of $3,221.76. Mr. Knowles stated that he had a Bank of America credit card with a balance between $2,000 and $3,000, but did not provide documentation as to an exact amount. Judge Jacobs found that both parties would receive reimbursement for one-half of the amount of the balances, using $2,000 as the balance on Mr. Knowles's credit card.
On August 16, 2016, Mrs. Knowles filed a motion for recusal and a motion for new trial. She stated that the law firm that represented Mr. Knowles during the divorce proceedings was Smith & Jacobs and that Judge Jacobs was a member of that firm. She also stated that Judge Jacobs appeared in court on February 14, 2012, with Mr. Knowles when he obtained his divorce. She noted that Charles Smith, the closing attorney the parties had been ordered to use, is Judge Jacobs's former law partner. She contended that the rulings of Judge Jacobs were biased or prejudicial toward her and, therefore, requested a new trial and that a stay be issued.
On August 29, 2016, Judge Parker Self granted a stay in the proceedings. On October 5, 2016, Judge Self presided over a hearing on the motion for recusal. He noted that he did not find that Judge Jacobs was biased or impartial, but did find that Judge Jacobs was an attorney who appeared in court on behalf of Mr. Knowles. He recused Judge Jacobs and ordered the clerk of court to reassign the consolidated matters to another division. He further found that the motion for new trial was premature because no judgment had been signed. On November 6, 2016, Judge Self filed a judgment granting Mrs. Knowles's motion for recusal and ordering that Division D is recused from all consolidated matters. He also ordered that the consolidated matters be reassigned to Division C and denied Mrs. Knowles's motion for new trial as premature.
On March 21, 2017, Judge John Robinson presided over a form and content hearing. Counsel for Mrs. Knowles agreed that the content in the judgment was an accurate representation of the judgment rendered orally by Judge Jacobs at the bench trial, but objected to the signing of the judgment due to the recusal of Judge Jacobs. Judge Robinson signed the judgment.
On March 27, 2017, Judge Robinson filed a property partition judgment. He ordered that Jan Fry be appointed the realtor for marketing and selling the immovable *762 property and that Charles Smith be appointed the closing attorney for the immovable property. He further ordered that the church property remain as is, with the parties enjoying an undivided one-half interest therein. He also ordered that Mrs. Knowles purchase Mr. Knowles's one-half interest in the matrimonial domicile, which was appraised at $102,000, within 60 days or Mr. Knowles will take control of the property and market it via Jan Fry and Charles Smith. Judge Robinson noted that the purchase by Mrs. Knowles or the proceeds from the sale will be subject to a reimbursement claim by her for one-half of the equity and one-half of the property insurance paid by her from June 22, 2011, through July 8, 2016. He ordered that Mrs. Knowles purchase Mr. Knowles's one-half interest in the four rental properties, which were collectively appraised at $37,000, within 60 days or Mr. Knowles will take control of the properties and market them via Jan Fry and Charles Smith. He further ordered that the remaining immovable property be sold and the net proceeds be equally split between the parties. He detailed the division of the movable property and that the net reimbursement was $5,270 owed to Mrs. Knowles. He stated that the net community debt reimbursement was $610.88 owed to Mrs. Knowles and calculated that a total reimbursement of $30,666.68 was owed to Mrs. Knowles.
On May 2, 2017, Judge Robinson presided over a hearing on the motion for new trial. He stated that the partition judgment was not clearly contrary to the law and evidence, citing La. C.C.P. art. 1972. Citing La. C.C.P. art. 1973, he stated that he did not find a good ground sufficient to grant a new trial and noted that a majority of the rulings regarding partition were made by stipulation of the parties and/or by auction. Accordingly, he denied the motion for new trial. On May 5, 2017, Judge Robinson filed a judgment denying the motion for new trial.
Mrs. Knowles appeals.
DISCUSSION
New Trial
In her first assignment of error, Mrs. Knowles argues that the trial court erred when it denied her motion for new trial. She contends that the trial court's disposition of the immovable property is not consistent with the agreement of the parties. She states that the parties agreed she would receive the matrimonial domicile and four rental properties, but they did not agree that she would obtain financing within 60 days or to Charles Smith being designated as the closing attorney. She finds fault with Judge Jacobs's handling of the auction and alleges that he changed the rules midstream. She also contends that the trial court never ruled on her reimbursement claim even though the record was left open for 15 days so that she could provide the court with documentation. She states that she was owed reimbursement in the amount of $27,151.06 until July 8, 2016, and now she is owed additional reimbursement because she has continued to pay the mortgage, homeowners' insurance and property taxes. She further states that without an updated amount of reimbursement, a calculation of an equalization payment owed by her to Mr. Knowles would be unfair. Therefore, she argues that Judge Robinson erred in denying her motion for new trial. In the alternative, if this court does not grant her a new trial, she presents three additional assignments of error.
Mr. Knowles argues that the trial court did not err in denying Mrs. Knowles's motion for new trial. He states that Judge Jacobs's judgments as to the partition were not contrary to law and evidence and *763 notes that the parties stipulated to the partition of immovable property and partitioned the movable property by auction. He contends that Mrs. Knowles did not object to the 60 days' requirement to purchase his interest in the matrimonial domicile and the four rental properties or to Charles Smith being the closing attorney. He further contends that Judge Jacobs did not change the auction rules during the auction, and the record does not reveal any unfairness in the bidding process. He argues that the trial court did rule on Mrs. Knowles's reimbursement claim in the May 6, 2016 judgment when it granted her reimbursement in the amount of $24,785.80 based on the documents she submitted and the partition judgment. He also notes that the trial court did not order that she is entitled to reimbursement for property taxes.
La. C.C.P. art. 1972 sets forth the peremptory grounds for granting a motion for new trial and states:
A new trial shall be granted, upon contradictory motion of any party, in the following cases:
(1) When the verdict or judgment appears clearly contrary to the law and the evidence.
(2) When the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial.
(3) When the jury was bribed or has behaved improperly so that impartial justice has not been done.
La. C.C.P. art. 1973 sets forth the discretionary grounds for granting a motion for new trial: "A new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law." Although a trial judge has much discretion in determining if a new trial is warranted, an appellate court may set aside the ruling of the trial judge in a case of manifest abuse of that discretion. Hickman v. Wm. Wrigley, Jr. Co., Inc. , 33,896 (La. App. 2 Cir. 10/4/00), 768 So.2d 812.
It is well settled that a trial court has broad discretion in adjudicating issues raised by divorce and partition of the community. Politz v. Politz , 49,242 (La. App. 2 Cir. 9/10/14), 149 So.3d 805. A trial judge is afforded a great deal of latitude in arriving at an equitable distribution of the assets between the spouses. Id. Factual findings and credibility determinations made by the trial court in the course of valuing and allocating assets and liabilities in the partition of community property may not be set aside absent manifest error. Id. However, the trial court's allocation or assigning of assets and liabilities in the partition of community property is reviewed under the abuse of discretion standard. Id. The trial court has great interest in controlling all aspects of a trial and has discretionary authority with regard to evidentiary matters. Id.
Mrs. Knowles's arguments do not meet the peremptory or the discretionary grounds for a new trial. Judge Self properly recused Judge Jacobs pursuant to La. C.C.P. art. 151 because Judge Jacobs did previously appear in court on behalf of Mr. Knowles. However, this recusal does not necessarily entitle Mrs. Knowles to a new trial. The partition judgment signed by Judge Robinson is not clearly contrary to the law and the evidence. Although this judgment reflects the judgment rendered orally by Judge Jacobs before he was recused, Judge Jacobs demonstrated no bias or impartiality when conducting the partition. The parties stipulated to the partition of the immovable property, and they partitioned the movable property by auction. Mrs. Knowles did not object to the requirement that she purchase Mr. *764 Knowles's interest in the immovable property within 60 days or to Charles Smith being designated as the closing attorney. Judge Robinson did not err in signing the judgment after conducting a form and content hearing at which Mrs. Knowles did not object to the content of the judgment.
Although Mrs. Knowles finds fault with the procedures employed by Judge Jacobs during the partition hearing, this argument does not constitute a good ground for granting a new trial. The record does not suggest that Judge Jacobs changed the rules of the auction during the auction, as suggested by Mrs. Knowles. During the auction, the parties bid, line by line, on items on Mr. Knowles's detailed descriptive list, and whoever bid the highest amount received the item and owed the other party half of the amount bid. The same procedure was then used on non-duplicate items included on Mrs. Knowles's detailed descriptive list as the parties did not have a unified list. At times, the parties testified as to the value of certain items. Judge Jacobs acted within his authority when conducting the auction of movable property. Mrs. Knowles raised no objections to the procedure during the hearing.
Mrs. Knowles's arguments regarding her reimbursement claim also are not good grounds for granting a new trial. The record reveals that Judge Robinson did rule on her reimbursement claim in the March 27, 2017 partition judgment. Mrs. Knowles did not contest the amount of reimbursement set forth in the judgment. Further, in an interim order filed on August 25, 2014, the parties agreed to waive any reimbursement or rental claims regarding the matrimonial domicile.
Judge Robinson did not abuse his discretion in denying Mrs. Knowles's motion for new trial. Accordingly, this assignment of error lacks merit.
Immovable Properties
In her second assignment of error, Mrs. Knowles argues that the trial court erred when it ordered her to pay Mr. Knowles within 60 days for his one-half interest in the matrimonial domicile and four rental properties without considering her reimbursement claims, her portion of proceeds from the sale of the immovable and movable property or her interest in the church property. She contends that this ruling is harsh because she would have to pay Mr. Knowles $69,500 within 60 days; and, if she failed to do so, she would have to move out of the matrimonial domicile for it to be sold. She states that she should owe Mr. Knowles only an equalizing payment of $36,530.56 and that this payment could be made with her interest in the proceeds from the immovable and movable property the parties agreed to sell. She further states that she could donate her interest in the church property to Mr. Knowles to reduce the equalization payment.
Mr. Knowles argues that Mrs. Knowles did not object at trial to the requirement that she obtain financing and purchase his interest within 60 days. He notes that there is no evidence that she is unable to meet this requirement. He contends that the $69,500 amount asserted by Mrs. Knowles is incorrect in that this number does not include the deduction of $30,666.68 for her reimbursement. He states that the church property is not included in the property partition because they are not the only owners of this property-an unincorporated religious organization owns a one-half interest in the property. He also notes that he does not want to purchase Mrs. Knowles's one-fourth interest in the church property.
As discussed above, Mrs. Knowles did not object during the partition hearing *765 or the form and content hearing to the requirement that she purchase Mr. Knowles's interest in the immovable property within 60 days. Thus, Mrs. Knowles did not properly raise this issue in the lower court. This court will not consider an issue raised for the first time on appeal. See Politz v. Politz , supra .
Accordingly, this assignment of error lacks merit.
Mrs. Knowles's Reimbursement Claims
In her third assignment of error, Mrs. Knowles argues that the trial court erred when it failed to address her reimbursement claims. She notes that the record was left open for her to submit her reimbursement claims as to the mortgage, homeowners' insurance and property taxes that she paid after the termination of the community property regime, but that Judge Robinson did not address her claim.
Mr. Knowles argues that the property partition judgment allows Mrs. Knowles a reimbursement in the amount of $24,785.80 for the matrimonial domicile, $5,270 for the movable property and $610.88 for the debt, for a total net reimbursement of $30,666.68 to her.
As discussed above, the trial court did address Mrs. Knowles's reimbursement claim in the March 27, 2017 partition judgment when it granted her a total net reimbursement in the amount of $30,666.68. She did not contest this amount with the trial court.
Accordingly, this assignment of error lacks merit.
Mr. Knowles's Reimbursement Claim
In her fourth assignment of error, Mrs. Knowles argues that the trial court erred when it allowed Mr. Knowles to claim reimbursement in the amount of $1,000 for a Bank of America credit card when he provided no documentation in support of this claim. She states that the burden of proof is on the party claiming reimbursement, but Mr. Knowles failed to provide documentation of the existence of the debt or that he paid it.
Mr. Knowles argues that the trial court was not clearly wrong when it found his testimony regarding the Bank of America credit card to be credible. He notes that Mrs. Knowles did not question him about the credit card or the amount owed and did not offer any evidence to refute the existence of the credit card or that he had paid the balance after the parties separated.
Mr. Knowles provided no documentation of the amount of his credit card bill or of proof that he paid it. Although Mrs. Knowles provided documentation of the amount of her credit card bill, she did not provide proof that she paid it. It was within Judge Jacobs's discretion to make credibility determinations, and his granting of reimbursement as to the credit card bills suggests that he believed both Mrs. Knowles's testimony and Mr. Knowles's testimony that they paid their respective credit card bills. Judge Jacobs did not abuse his discretion in allowing these reimbursement claims. See Politz v. Politz , supra .
Accordingly, this assignment of error lacks merit.
CONCLUSION
For the foregoing reasons, we affirm the judgments of the trial court in favor of Appellee John David Knowles and against Appellant La'Vern Knowles. Costs of appeal are assessed to Appellant La'Vern Knowles.
AFFIRMED.